## PRISONER INJURED IN WORK HOUSE.

[Circuit Court of Muskingum County.]

ROBERT GREEN v. COMMISSIONERS OF MUSKINGUM CO. ET AL.

Decided, October Term, 1901.

*Negligence—Resulting in Injury to a Work House Prisoner—No Liability Attaches to Municipality—Governmental Powers of Municipality.*

No liability can attach to a municipal corporation on account of an injury to a work house prisoner, resulting while operating by compulsion a machine alleged to have been defective.

NORRIS, J., DAY, J., and MOONEY, J., of the third circuit, sitting in place of DOUGLASS, J., VOORHEES, J., and DONAHUE, J., of the fifth circuit; opinion by DAY, J.

The plaintiff disclaims any right of action against the county commissioners, who were made parties under the impression that they were liable, and the case, so far as that board is concerned, is dismissed.

The petition avers that plaintiff is a minor and brings this action by his next friend, who says, in substance, that the city of Zanesville and Muskingum county, jointly, own and conduct a workhouse at Zanesville, where persons convicted of offenses against the ordinances of the city, or the statutes of the state of Ohio, are confined at hard labor, on sentence of a competent court; that on January 20, 1900, the minor plaintiff was confined in this workhouse on an order of commitment from the mayor's court of said city, and he was required by the officers and employes of said workhouse, in charge thereof, to labor in a broom factory operated therein, and was required to work at a machine which he was not physically able to operate in safety; that the machine was defectively constructed, all of which the city authorities knew; that on said January 20 the plaintiff, while so employed, under compulsion of the defendant city, through its officers and agents in charge of said machine and works, because of his physical weakness and the negligence and failure of the defendants to furnish proper machinery, and because

of their negligence in furnishing said defective machinery and permitting it to remain out of repair, without fault on his part, the plaintiff got caught in said machine and was seriously injured in his person, to his damage in the sum of $5,000, for which he prays judgment against the city.

The lower court sustained a demurrer to the petition, and plaintiff, not desiring to amend his petition or further plead, the petition was dismissed at the cost of plaintiff. Plaintiff prosecutes error and seeks a reversal of the judgment and judgment overruling the demurrer to the petition.

But a single question is presented: Does the petition state a cause of action in the plaintiff's favor and against the city of Zanesville?

The petition, possibly, states a case against the persons whose active and affirmative acts and conduct were so negligent as to directly and proximately occasion plaintiff a serious injury without any fault of his own, but it is not believed that it states a cause of action entitling him to relief against the municipal corporation, the city of Zanesville, while the city, as we think clearly appears, was in the discharge of a wholly governmental duty as the duly constituted agency of the great public, the state of Ohio, and concerning which the city has no liability. It can not be doubted that the power conferred on municipalities, to preserve the peace and protect persons and property by the arrest of offenders and their commitment and detention in jails and workhouses, is of a public or governmental nature, in which the sovereign state exercises its functions through the agency of the municipality. In such case the non-liability of the municipality rests upon the same reason as does that of the sovereign exercising like powers.

In *Western College* v. *Cleveland,* 12 Ohio St., 375, 377, Judge Gholson says that—

"There is a distinction between those powers delegated to municipal corporations to preserve the peace and protect persons and property, whether to be exercised by legislation or the appointment of proper officers, and those powers and privileges which are to be exercised for the improvement of the territory comprised within the limits of the corporation, and its

adaptation to the purposes of residence or business. As to the first, the municipal corporation represents the state—discharging duties incumbent on the state; as to the second, the municipal corporation represents the pecuniary and proprietary interests of individuals. As to the first responsibility for acts done, or omitted, is governed by the same rule of responsibility which applies to like delegations of power; as to the second, the rules which govern the responsibility of individuals are properly applicable.''

This language of Judge Gholson is quoted with approval in *Frederick* v. *Columbus,* 58 Ohio St., 538, 546, 547, and in this last named case, the court, through Judge Minshall, p. 548, quotes from a similar decision of *Hayes* v. *Oshkosh,* 33 Wis., 314, and says:

''The decision is fully supported by the authorities and the decisions in the other states of the Union. There is, in fact, a remarkable unanimity on the subject.''

We think the lower court did well to sustain the demurrer and dismiss the petition, and we affirm its judgment with costs but without penalty. There will be a judgment for costs, execution is awarded, and cause remanded for execution.

*McHenry & O'Neal,* for plaintiff in error.

*C. C. Lemert,* for defendants in error.